MILDRED J. ROSENQUIST AND CARL O. ROSENQUIST, HER HUSBAND, PLAINTIFFS-RESPONDENTS, v. BROOKDALE HOMES, INC., A CORPORATION OF THE STATE OF NEW JERSEY, IN VOLUNTARY DISSOLUTION, DEFENDANT-APPELLANT.

Submitted October 2, 1944—Decided March 9, 1945.

Before BROGAN, CHIEF JUSTICE, and Justices DONGES and PERSKIE.

For the plaintiffs-respondents, *John Joseph Foersl* (*Louis K. Wilder*, of counsel).

For the defendant-appellant, *Cox & Walburg* (*William H. D. Cox*, of counsel).

The opinion of the court was delivered by

BROGAN, CHIEF JUSTICE. The plaintiff Mildred Rosenquist recovered judgment for personal injuries; her husband,

Carl, judgment for damages and expenses that resulted from his wife's injuries. The defendant appeals on the ground that it was error on the part of the trial court to have refused the direction of a nonsuit and a verdict for the defendant. It is also said that there was error in the court's charge. The following is a summary of the facts in proof upon which the plaintiffs' cause of action was rested: Mr. Rosenquist and his wife contracted with the defendant, Brookdale Homes, Inç., for the construction of a dwelling house in Bloomfield, New Jersey, according to plan and specifications. The written agreement provided that the defendant would build the house and make conveyance to the purchasers on January 15th, 1941. The structure was not entirely completed by the date agreed upon but nevertheless plaintiffs took title to the house and land on January 29th, in an unfinished state. The work remaining to be done under the contract included the placing of a brick veneer on the front of the house, grading of the lawn, erection of stoops, and the finishing of the approach to the garage and the house as well as laying the sidewalk. Plaintiffs moved into the house on February 1st. The attorney of the defendant assured them at the time of the passing of title that the structure would be completed according to specifications.

On February 17th, Mrs. Rosenquist, a school teacher, arrived home at four o'clock in the afternoon. She came by automobile. The driveway to the garage was still unfinished. Noticing a wheelbarrow and other implements on the path that led from the driveway to the house, she returned to the street line intending to enter the house by the front door. Mason materials, stones and the like, lay on the land in front of the house. The walk from the curb to the front door was unfinished and some planking had been laid extending to the front doorway. She slipped, fell and was injured on the planking. There had been a light fall of snow that day and underneath the snow on the planking was a thin layer of ice, and this it was open to the jury to find was the occasion of her mishap. Earlier in the day some workmen, engaged in finishing up the work on the place, were mixing concrete and obtained a supply of water by attaching a hose to

a convenient faucet. At the time they engaged in some horse-play and squirted water out of the hose on each other. Thereafter the hose was thrown on the ground and the water continued to run across the planking for as long as a half hour, as one witness testified. The weather turned cold, the workmen quit their job early, the water froze on the planks, and the sprinkling of snow that followed concealed the ice from normal view and Mrs. Rosenquist slipped on this ice.

In the defendant's proof it was asserted that the workmen at fault were employees of an independent contractor—one Berkowitz—with whom the defendant had entered into an agreement for the completion of certain outside work.

It is said in the brief of the appellant that it was error for the learned trial judge to have denied a motion for a nonsuit on the ground that the negligence of the said employees was that of the independent contractor for which the appellant was not legally responsible. This is inaccurate. At the end of the plaintiffs' case there was no testimony before the court that the workmen who caused the mischief were employees of an independent contractor.

On motion for direction of verdict the same reason was advanced, viz., the negligence, if any, was that of an independent contractor. The argument to support this ground of appeal is stated thus: that the "complaint is not based upon the theory that the defendant by any agreement owed or assumed an obligation to the respondents [plaintiffs] which would make it liable under the circumstances detailed herein." It is further said that in the agreement for the building of the house the appellant did not undertake any obligation greater than that the house would be built and completed according to certain plans and specifications, and that the title thereto would be transferred to the respondents; and, further, "that there is nothing in the contract whereby the appellant obligated itself to do the work through its own employees, nor is there anything in the agreement to indicate appellant made itself responsible for the negligent acts of employees of independent contractors unless they resulted in workmanship * * * which was defective or at variance with the plans and specifications." We do not think there

is any merit in this contention. So far as the doing of the work was concerned, it was the obligation of the builder to perform it or to see that it was done with reasonable care. This duty was implicit in the contract between the parties and the defendant may not escape liability *inter partes* by turning over part of the work to another without the permission of the plaintiff, which other might not be able to respond in damages for a breach of the contract or for any injury resulting therefrom. See *Schutte et al.* v. *United Electrical Co.,* 68 *N. J. L.* 435, and cases therein cited.

Nor is the line of cases cited by the appellant in support of the defense of independent contractor, of which *Mann* v. *Max,* 93 *N. J. L.* 191, is typical, applicable to the situation before us. In the Mann case the owner of the land hired a contractor to erect a building on the land. The contractor sublet the mason work in the performance of which it was necessary to erect scaffolding. A passerby was injured by striking his head against a part of the scaffolding. Suit was instituted against the owner of the land. The Court of Errors and Appeals reversed the plaintiff's judgment and held that since neither the work nor the scaffolding amounted to a nuisance the owner of the land might not be held for damages and, further, that the instrumentality causing the plaintiff's injury was under the control of an independent contractor.

In the case before us it was attempted to make out a case of an independent contract. The proofs fail, in our opinion, to support such defense. The testimony shows that upon plaintiffs' taking title to the property the defendant, through its president, promised to finish the uncompleted work. It is a rule of law that where one employs a contractor exercising an independent employment, not in itself a nuisance, the contractor alone is liable for an injury resulting from the negligence of himself and of servants hired by him, provided the employer is not in default in selecting as a contractor an unskillful or improper person. *Cuff* v. *Newark and New York Railroad Co.,* 35 *N. J. L.* 17; *Redstrake* v. *Swayze,* 52 *Id.* 129. And the independent contractor is one who, in exercising an independent employment, contracts to do cer-

tain work according to his own methods and without being subject to the control of his employer, except as to the product or result of his work (27 *Am. Jur.* 481). It follows then that if the principal retains any right to direct the contractor in the execution of the duties of the employment, and to control the manner of its execution, the relation of master and servant still subsists. And there is testimony that such relationship existed between the defendant and Berkowitz. Mr. Levin, president of the defendant corporation, testified that he contracted with Mr. Berkowitz to put the brick front on the house and build the stoops. He promised the plaintiffs that "the house would be completed as soon as the weather permitted;" and, as we read his cross-examination, that he (meaning his company) promised to do such work. It also appeared that a Mr. Grobert, defendant's superintendent, was the superintendent of construction and took care of any complaint; also a Mr. Valleau, another employee of the defendant company. This testimony supports the inference that the defendant did not relinquish its right of control over the work being done by Mr. Berkowitz. Consequently the defense of "independent contractor" was not proved. The complaint in this case was grounded on the theory that the defendant was answerable for the negligence of the workmen as its servants. That being so, we see no reason to discuss whether the wrong arose out of the contract. The agreement between the parties merely created the situation out of which the tort resulted.

It is next said that the court fell into error in the charge to the jury. The grounds of appeal based thereon are not available to the appellant. The brief does not identify the exceptions to the charge by reference to the page and line in the record where the excerpts may be found. *Healy* v. *Sayre,* 113 *N. J. L.* 308, 313; *State* v. *Hogan,* 132 *Id.* 148. But if they were there is no merit to the first challenge to the charge. As to the second, it consists of a lengthy excerpt containing several legal propositions. Part of it is undeniably sound and, assuming but not holding that it was in another part legally incorrect, it cannot avail the appellant as a ground for reversal. See *Mittelsdorfer* v. *West Jersey, &c.,* 77 *Id.*

702; *Max* v. *Max,* 123 *Id.* 580; *affirmed,* 125 *Id.* 271, and cases cited therein.

The judgment is affirmed.